UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDIA TRAVEL, et al.,<br><br>Defendants. | No. 2:16-cv-0567 JAM AC (PS)<br><br><br><br>ORDER |

This lawsuit was removed from the Sacramento County Superior Court. See ECF No. 1. Plaintiff is proceeding in pro per, and the matter was accordingly referred to the magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(21).

Defendant British Airways has filed a motion to dismiss the complaint, asserting that the complaint does not comply with Fed. R. Civ. P. ("Rule") 8, and therefore should be dismissed for failure to state a claim. ECF No. 7. Plaintiff timely filed an opposition, although it is entitled "Motion To Proceed to Discovery & Jury Trial." ECF No. 9.[1]

For the reasons that follow, the complaint will be dismissed for failure to comply with Rule 8, and plaintiff will be granted 30 days to file an amended complaint.

---

[1] At the hearing on this matter, plaintiff confirmed that this document was intended to be his opposition. Plaintiff filed another Opposition the day before the hearing. ECF No. 13. The court has considered both documents.

1

## I. THE COMPLAINT

The removed state court complaint contains only the check-off items provided, but no attachments to set forth any of the underlying facts. Thus, all that is alleged is that defendants entered into a contract and breached it, and that they also engaged in "False advertisements, criminal acts of cruelty, deception of persons," "victims to unfair conditions," and "Bank theft with credit card." ECF No. 1 at 6-7.

## II. MOTION TO DISMISS

### A. Rule 8

Because this lawsuit is now pending in federal court, plaintiff's complaint must be written to comply with the federal standards set forth at "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Specifically, plaintiff must draft his complaint so that it contains a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way). Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim").[2]

Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d). Thus, the amended complaint must contain a short and plaint statement of the *facts* underlying the claims, not just legal conclusions. It "must contain sufficient factual content to state a claim to relief that is plausible on its face . . . ." Landers v. Quality Communications, Inc., 771 F.3d 638, 641 (9th Cir. 2015) (internal quotation marks omitted) (affirming dismissal under Rule 8 for failure to state a plausible claim), cert. denied, 135 S. Ct. 1845 (2015).

### B. Analysis

Defendant correctly points out that that the complaint here does not allege any factual

---

[2] The amended complaint should also contain a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is in this federal court, rather than in a state court). Rule 8(a)(1). The court notes that the basis on which defendant removed the case is "diversity jurisdiction." See 28 U.S.C. §§ 1332, 1441.

matters, and therefore is in violation of Fed. R. Civ. P. 8(a)(2). The complaint alleges only the legal conclusions that defendant breached a contract, without alleging the underlying facts showing that the elements of breach of contract were met. The same is true of the other claims alleged. Defendant is entitled to know the basic facts underlying plaintiff's complaint, so that it can defend against the lawsuit. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"), cert. denied, 132 S. Ct. 2101 (2012).

Defendant addresses what it believes to be the underlying facts in its Motion To Dismiss, but those facts are nowhere alleged in the complaint. The complaint will therefore be dismissed under Rule 8.

In fairness to plaintiff, the form that he filled out is a state court check-off form. Although the form allows plaintiff to attach the "causes of action," it is not surprising that a non-lawyer could conclude that just filling out the form itself would be enough to at least get his lawsuit started. Plaintiff will therefore be given a chance to file an amended complaint that clearly states what plaintiff's claims are and why he is entitled to relief.[3]

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's Motion To Dismiss (ECF No. 7), is GRANTED, with leave to amend;

2. The complaint is dismissed under Fed. R. Civ. P. 8, and plaintiff is granted 30 days from the date of this order to file an amended complaint;

3. Plaintiff's Motion To Proceed to Discovery & Jury Trial (ECF No. 9), is DENIED as moot;

4. Plaintiff is advised that forms are available to help him, as a pro se plaintiff, to organize his amended complaint in the proper way. The forms are available at the Clerk's Office,

---

[3] At the hearing on this motion, the undersigned indicated that "Findings and Recommendations" would issue which would be submitted to the district judge, who would then separately to rule on the matter. However, since the motion is being decided on Rule 8 grounds, plaintiff is being given the opportunity to amend his complaint, and this decision does not touch on the merits of plaintiff's claims, it is more appropriate to conserve scarce judicial resources by issuing this order instead.

501 I Street, 4th Floor, Sacramento, CA 95814, and also online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff's amended complaint should contain separately numbered, clearly identified claims. In addition, the allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.

Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The federal rules also contemplate brevity. Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and direct'").

Finally, Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Lastly, the court reminds plaintiff that his amended complaint must be filed in *this* court, not in state court; and

////
////
////
////

4

5. Plaintiff is further advised that failure to amend his complaint within 30 days may result in a recommendation to the district judge that this action be dismissed.

DATED: May 18, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE