UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPEDIA TRAVEL, et al.,<br><br>    Defendants. | No. 2:16-cv-0567 JAM AC (PS)<br><br><u>ORDER</u> |

This lawsuit was removed from the Sacramento County Superior Court on the basis of diversity jurisdiction. <u>See</u> ECF No. 1; 28 U.S.C. § 1332(a). Plaintiff is proceeding in pro per, and the matter was accordingly referred to the magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(21). On May 19, 2016, the court granted defendant British Airways' ("BA") motion to dismiss the complaint, and granted plaintiff leave to amend. ECF No. 15.

BA has now filed a motion to dismiss the amended complaint, asserting that the complaint fails to state a claim against it. ECF No. 19. Plaintiff timely filed an opposition (ECF No. 20), but failed to appear at the hearing on July 27, 2016. Plaintiff is cautioned that going forward, his unexplained failure to appear at any scheduled hearing or conference may result in a recommendation that this action be dismissed for lack of prosecution.

For the reasons that follow, the complaint will be dismissed for failure to state a claim, and plaintiff will be granted 30 days to file an amended complaint.

I. THE COMPLAINT

The amended complaint, although improved over the original complaint in that it alleges facts, is still not a model of clarity. As best the court can tell, plaintiff is attempting to get a refund of the $1,500 cost of a plane ticket to Belgium, plus $200,000 in damages. See First Amended Complaint ("Complaint") (ECF No. 18) ¶ III. "The travel agency" mislead plaintiff into believing that he could get the refund. Id. However, BA and defendant Expedia never intended to refund the money, causing plaintiff to file this lawsuit. Id. It is not clear if BA or Expedia, or both, are the "travel agency" the complaint refers to, or if "travel agency" refers to a different entity.

II. MOTION TO DISMISS STANDARD

"The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on . . . the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

"In ruling on a motion to dismiss under Rule 12(b)(6), we determine whether the complaint contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" O'Brien v. Welty, 818 F.3d 920, 933 (9th Cir. 2016) (emphasis added) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (some internal quotation marks omitted).

"Rule 12(b)(6), which tests the legal sufficiency of the claims asserted in the complaint, must be read in conjunction with Rule 8, which requires a 'short and plain statement showing that the pleader is entitled to relief' and 'contains a powerful presumption against rejecting pleadings for failure to state a claim.'" Ileto v. Glock Inc., 349 F.3d 1191, 1199-200 (9th Cir. 2003) (quoting Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir.1997)).

III. ARGUMENTS

BA argues that the complaint contains "no substantive facts . . . against British Airways," and therefore must be dismissed as against BA without leave to amend. Motion To Dismiss ("MTD") (ECF No. 19-1 at 2. BA also argues that the complaint is one for breach of contract, but it fails to state a claim for breach. Id. at 5.

1    Plaintiff asks for indulgence because he is "a stroke survivor."  Plaintiff's Opposition

2  ("Oppo") (ECF No. 20) at 2.

3                                          IV.  ANALYSIS

4    Plaintiff's amended complaint is an improvement over his original complaint, in that it

5  now gives some indication of what happened and what plaintiff is complaining about.  Since the

6  amended complaint shows improvement – although it still fails to state a claim upon which relief

7  can be granted – the undersigned will grant plaintiff another chance to amend.

8    A.  Breach of Contract

9    The complaint appears to be for breach of contract.  However, as BA points out, the

10  complaint does not allege any of the elements of a claim for breach.  The elements are:

11  
12  > (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff.

13  Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citing Reichert v. General Ins.

14  Co., 68 Cal. 2d 822, 830 (1968)).  The only allegation against BA is that it never intended to give

15  plaintiff a refund.

16    That is not enough to state a claim for breach of contract.  Plaintiff must allege facts

17  establishing that BA had a contract with plaintiff, perhaps created by the purchase of a ticket.  He

18  must allege that he did what he was supposed to do to get a refund.  He must allege that he was

19  entitled to the refund, but that BA refused it nevertheless, in breach of the contract.

20    B.  Fraud

21    Plaintiff alleges that "the travel agency" misled him into believing that he could get a

22  refund.  This might be an attempt to make a fraud claim.

23    "Under California law, the indispensable elements of a fraud claim include a false

24  representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."

25  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal quotation marks

26  omitted).  Where, as here, a fraud claim would be tried in federal court, it must "state with

27  particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

28  ////

Here, all that can be gleaned from the complaint is that "the travel agency" deceived plaintiff into believing that he could get a refund of his ticket, even though it never intended to give the refund. That is not enough to allege fraud. Most notably, the complaint does not allege any reliance. As best the court can discern from the amended complaint, it appears that the travel agency's deceit came after plaintiff bought the ticket, and after he had cancelled the trip.

The complaint does not, for example, allege that plaintiff only bought the ticket in reliance on the promise of a refund if he could not take the trip. Nor does it allege that plaintiff only cancelled the trip because he was relying on the promise of a refund. As currently written, the complaint fails to state a claim for fraud.

## V.  AMENDING THE COMPLAINT

Plaintiff will be provided another opportunity to amend his complaint. The court will therefore provide guidance for amendment.

The amended complaint must contain a short and plain statement of plaintiff's claims. If plaintiff is alleging a breach of contract, he must allege facts showing that each of the elements of that cause of action, set forth above at ¶ IV(A), are met.

If plaintiff is alleging fraud, he must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The complaint must also allege facts showing that every element of a fraud claim, set forth above at ¶ IV(B), are met. He may not simply allege that some unidentified "travel agency" deceived him. Rather, plaintiff must allege facts showing that that a specific, named defendant knowingly and intentionally deceived him, that plaintiff justifiably relied upon that deceit, and that his justifiable reliance on the deceit caused him specifically identified harm.

The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Forms are available to help the plaintiff organize his complaint in the proper way. They are available at
////

4

the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint. See  Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VI.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. BA's motion to dismiss (ECF No. 19), is GRANTED;

////

2. The amended complaint is DISMISSED for failure to state a claim, with leave to amend. Plaintiff shall have 30 days from the date of this order to amend his complaint. The amended complaint shall be entitled "Second Amended Complaint."

DATED: July 27, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE