UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDIA TRAVEL, et al.,<br><br>Defendants. | No. 2:16-cv-00567-JAM-AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter comes before the Court on Defendant Expedia Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 36. Plaintiff is proceeding in pro se, and the matter was accordingly referred to the magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(21).

**I. BACKGROUND**

A. <u>Relevant Procedural History</u>

This lawsuit was removed from the Sacramento County Superior Court by former defendant British Airways on March 18, 2016. See ECF No. 1. British Airways moved to dismiss plaintiff Jean Marc Van Den Heuvel's pro se complaint, and the motion was granted by the undersigned with leave to amend. ECF No. 15. Plaintiff filed a First Amended Complaint on May 31, 2016. ECF No. 18. British Airways moved to dismiss the First Amended Complaint, and the undersigned granted the motion with leave to amend. ECF No. 19 and 25. On August 5,

2016, plaintiff filed a Second Amended Complaint. ECF No. 26. On August 25, 2016, plaintiff and British Airways filed a stipulated motion for dismissal of British Airways as a defendant. ECF No. 30. The motion was granted, leaving Expedia Inc. ("Expedia") as the only remaining defendant in this case. ECF No. 31.

On September 1, 2016, the undersigned issued an Order to Show Cause to plaintiff, noting that plaintiff did not appear to be prosecuting his case against Expedia, Inc. and that the Court had not received any proof that Expedia had been served. ECF No. 33, 1. The Court received a Proof of Service form from plaintiff indicating that a process server mailed a "Copy of Summons and Complaint to Expedia Travel as follows [:] Corporate Secretary, 333 108th Ave. N.E. Bellevue, WA 98004." ECF 35, 1. Defendant Expedia filed its Motion to Dismiss on October 13, 2016. ECF No. 36. Noting that Plaintiff had filed proof of service on Expedia, the undersigned discharged its Order to Show Cause and set a hearing date for defendant's Motion to Dismiss. ECF No. 39. The hearing was held on December 14, 2016, and the fully briefed Motion to Dismiss is now before the Court. ECF No. 43.

### B. The Claims

Expedia moves to dismiss Plaintiff's Second Amended Complaint for (1) untimely and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), and (2) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. ANALYSIS

### A. Motion to Dismiss for Insufficient Service of Process

As the court explains below, plaintiff has insufficiently served defendant but has made an adequate showing of cause for the failure to perfect service. In light of that showing, and considering the actual notice and lack of prejudice to defendant, the undersigned recommends denial of defendant's motion to dismiss for insufficient service.

"Under the Federal Rule of Civil Procedure 12(b)(5), a defendant may challenge any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." Fed.R.Civ.P. 12(b)(5). Once a defendant challenges service of process, the

plaintiff has the burden of establishing the validity of service of process under Rule 4." Schauf v. Am. Airlines, No. 1:15-CV-01172-SKO, 2015 WL 5647343, at *4 (E.D. Cal. Sept. 24, 2015).

"As a general principle, 'Rule 4 is a flexible rule that should be liberally construed,' Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984), and 'substantial compliance with the service requirements of Rule 4 is sufficient so long as the opposing party receives sufficient notice.' Daly–Murphy v. Winston, 837 F.2d 348, 355 n. 4 (9th Cir.1987)." Id. In the Ninth Circuit, failure to comply with Rule 4's "personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka, 739 F.2d at 447.

Plaintiff filed a proof of service on September 20, 2016, indicating that a registered process server "Mailed Copy of Summons and Complaint to Expedia Travel" directed to the company's Corporate Secretary. ECF No. 35. Defendant correctly argues that service by certified mail does not meet the requirements of Rule 4(h)(1). Schauf, 2015 WL 5647343 at *4. However, plaintiff attempted in good faith to properly effectuate service by retaining a process server, and further asserts that he is a "handicapped, stroke survivor" with limited capacity. ECF No. 40, 2. The undersigned finds that plaintiff has demonstrated good cause for failure to meet the technical requirements of Fed. R. Civ. P. 4(h)(1). For these same reasons, plaintiff would be severely prejudiced were his Second Amended Complaint dismissed for failure to meet the technical requirements of Rule 4(h)(1). Further, Expedia has received actual notice of plaintiff's suit, and has not presented any argument that it has been or will be prejudiced by plaintiff's failure to effectuate personal service as opposed to service by mail. ECF. No. 36-1. Defendant is fully aware of the existence of this suit and the operative Second Amended Complaint. The undersigned therefore recommends that Defendant's motion to dismiss for insufficient service be DENIED.

////

////

B. <u>Motion to Dismiss for Failure to State a Claim</u>

Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be denied. Plaintiff's Second Amended Complaint, construed liberally with inferences drawn in favor of the pro se plaintiff and considering attached documents, states claims for breach of contract and fraud.

          a. <u>Legal Standard for 12(b)(6) Motion to Dismiss</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, (2007)). In a plausible claim, "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 545); see also <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir.2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing <u>Iqbal</u> at 1949). The Court must accept plaintiffs' factual allegations as true, but is not required to accept plaintiff's legal conclusions as true. <u>Id</u>. at 1949–150. Courts are not required to accept as true legal conclusions that are framed as factual allegations. <u>Iqbal</u>, at 1950 (citation omitted). Complaints by plaintiffs proceeding pro se are construed liberally when being evaluated under <u>Iqbal</u>, with the plaintiff afforded the benefit of any doubt. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010).

In general, courts may not consider documents outside the pleadings when ruling on a motion made under Fed. R. Civ. P. 12(b)(6) without converting the motion to a summary judgment under Fed. R. Civ. P. 56, and giving the non-moving party an opportunity to respond. <u>United States v. Ritchie</u>, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." <u>Id.</u> Where the documents are physically attached to the complaint, undisputed authenticity is not required for consideration. <u>See</u>, <u>Lee v. City of Los</u>

1 | Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

2 |         b. Breach of Contract

Liberally construing the allegations, drawing all inferences in favor of the pro se plaintiff, and considering the attached documents, the undersigned concludes that the Second Amended Complaint states a claim for breach of contract. The elements for breach of contract are: (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (citing Reichert v. General Ins. Co., 68 Cal. 2d 822, 830 (1968)). Plaintiff alleges that Expedia, which he refers to as a "Travel Agency" (ECF No. 26, 2), "knowingly sold [him] a travel ticket" and "affirmed there would be a full refund of [the] airline ticket with proof of a doctors M.D. note or statement[.]" ECF No. 26, 4. The undersigned reads this as alleging the existence of a contract, and alleging Plaintiff's performance by purchase of the ticket. Plaintiff also attaches what appears to be a bank statement from October 14, 2015 showing a purchase from Expedia in the amount of $1,257.88. Id. at 8.

The undersigned construes Plaintiff's allegations that Expedia "is in the business of defrauding society of the costs of airline tickets [regardless] of promise to do so" as alleging that Expedia breached its contract with Plaintiff to provide a full refund of the airline ticket when presented with a doctor's note. Id. at 4. With respect to damages, the undersigned considers the e-mail to "travel@customercare.expedia.com," allegedly from plaintiff, attached to the Second Amended Complaint. This document states: "The amount to return is $1,200.00 and some change. I need this money as soon as possible you have caused injury from the hardship of unexpected trauma caused by actions I was not made aware of." Id. at 21. The undersigned also considers plaintiff's attached letter to British Airways, which alleges "I am on social security and need my money back . . . I desperately need my money to be able to afford the basic [amenities] of life." Id. at 9. Because the pro se plaintiff has alleged all elements of a breach of contract claim, the undersigned recommends that Expedia's motion to dismiss this claim be DENIED.

////

////

    c. Fraud

Liberally construing the allegations, drawing all inferences in favor of the pro se plaintiff, and considering the attached documents, the undersigned concludes that the Second Amended Complaint successfully alleges all elements of a fraud claim. "Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal quotation marks omitted). Where, as here, a fraud claim would be tried in federal court, it must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Plaintiff alleges that Expedia "affirmed there would be a full refund of [his] airline ticket with proof of a doctors M.D. note" and "knew the flight scheduled was to possibly be cancelled due to hardship of medical problem." ECF No. 26, 4. As discussed above, plaintiff alleges that Expedia did not refund the ticket upon receiving a doctor's note. Plaintiff alleges knowledge of falsity and intent to defraud by asserting that Expedia "is in the business of defrauding society the costs of airline tickets, regardless of promise to do so." Id. Plaintiff alleges justifiable reliance by demonstrating his purchase with his bank statement (ECF No. 26, 8) and stating that defendant used "promotional lures" on him. Id. at 4. As discussed above in the Breach of Contract section, plaintiff has sufficiently alleged damages. Because the pro se plaintiff has pled the elements of a fraud claim, the undersigned recommends that Expedia's motion to dismiss this claim be DENIED.

### III. CONCLUSION

The undersigned recommends that Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative pursuant to Fed. R. Civ. P. 12(b)(5), be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 1, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE