UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL, | No. 2:16-cv-00567-JAM-AC |
| Plaintiff, | |
| v. | ORDER |
| EXPEDIA TRAVEL, et al., | |
| Defendants. | |

Plaintiff has filed a notification that was docketed as a Motion to Stay. ECF No. 49. Plaintiff is proceeding in pro se, and the matter was accordingly referred to the magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(21).

**I.     MOTION AND ANALYSIS**

Plaintiff apparently seeks to "put a hold" on this case, on the grounds that he is presently incarcerated. ECF No. 49 at 2. Plaintiff presents no argument for a stay except for stating the fact that he is in jail. Id. The court DENIES plaintiff's motion.

A district court has the ability to stay proceedings, or stop action in a case, as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). To decide if a stay is appropriate, courts weigh competing interests, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party

may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962) (citing Landis, 299 U.S. at 254–55). Simply because a person is incarcerated does not mean that he is "stripped of free access to the courts and the use of legal process to remedy civil wrongs." Wimberly v. Rogers, 557 F.2d 671, 673 (9th Cir.1997). An assertion by a plaintiff that it will be difficult to litigate because he is incarcerated is not enough to justify a stay of proceedings. Cramer v. Target Corp., No. 1:08-CV-01693-OWW, 2011 WL 109106, at *2 (E.D. Cal. Jan. 12, 2011).

Here, plaintiff presented no argument to justify a stay of proceedings except for the fact that he is incarcerated. The court finds that the fact of incarceration does not, by itself, warrant a stay. Plaintiff's motion to stay is denied.

## II. PRO SE PLAINTIFF'S SUMMARY

The court gets to decide whether or not to stop action in a case. The court is denying your request to put a hold on this case, because being in jail does not prevent you from litigating. If being in jail makes it difficult for you to meet a particular deadline, you may file a request for extension of time.

## III. CONCLUSION

Plaintiff's motion to stay, ECF No. 49, is DENIED.

IT IS SO ORDERED.

DATED: June 12, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2