UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>    Plaintiff,<br><br>  v.<br><br>EXPEDIA TRAVEL,<br><br>    Defendant. | No. 2:16-cv-00567 JAM AC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by Local Rule 302(c)(21). This matter is before the court on a motion to compel arbitration from the only remaining defendant, Expedia Travel. ECF No. 63. The court has considered defendant's motion, plaintiff's opposition (ECF No. 58), defendant's reply (ECF No. 69), and all related documents. For the reasons that follow, the undersigned recommends that defendant's motion be GRANTED, and because arbitration will resolve all of plaintiff's claims, that this case be DISMISSED.

**I.    Background**

Plaintiff initially filed this lawsuit in state court against defendants British Airways and Expedia Travel, and defendant British Airways removed the case to this court on March 18, 2016. ECF No. 1. British Airways successfully moved to dismiss plaintiff's initial and first amended complaints. ECF Nos. 15 and 25. Plaintiff filed his second amended complaint ("SAC") on

1 | August 5, 2016.  Plaintiff's SAC alleged that Expedia, which plaintiff referred to as a "Travel
2 | Agency" (ECF No. 26 at 2), "knowingly sold [him] a travel ticket" and "affirmed there would be
3 | a full refund of [the] airline ticket with proof of a doctors M.D. note or statement[.]"  ECF No. 26
4 | at 4.  Plaintiff also attached what appears to be a bank statement from October 14, 2015 showing
5 | a purchase from Expedia in the amount of $1,257.88.  Id. at 8.

Plaintiff and British Airways stipulated to the dismissal of British Airways from this case on August 25, 2016.  ECF No. 30.  An order was entered dismissing British Airways, but not Expedia, on August 26, 2016.  ECF No. 31.  Defendant Expedia was first summoned in this case on September 20, 2016.  ECF No. 35.  Expedia, the only remaining defendant, moved to dismiss the SAC on October 13, 2016 on the grounds of insufficient service of process and that the SAC failed to state a claim.  ECF No. 36.  Expedia's motion was denied.  ECF Nos. 48 and 52.

In denying Expedia's motion to dismiss, the undersigned found that plaintiff's SAC, liberally construed in light of his pro se status, stated a claim for breach of contract and fraud. ECF No. 48 at 5-6.  Specifically, the court found plaintiff's complaint alleged the existence of a contract, and alleged plaintiff's performance by purchase of an airline ticket.  ECF No. 48 at 5. Plaintiff alleged damages in a letter attached to his SAC that stated "The amount to return is $1,200.00 and some change.  I need this money as soon as possible you have caused injury from the hardship of unexpected trauma caused by actions I was not made aware of."  Id.

The undersigned also found that the SAC successfully alleged a fraud claim against Expedia.  ECF No. 48 at 6.  The court found that plaintiff's allegations that Expedia failed to refund his purchased ticket upon receipt of a doctor's note after it "affirmed there would be a full refund of [his] airline ticket with proof of a doctors M.D. note" and "knew the flight scheduled was to possibly be cancelled due to hardship of medical problem" as stating a claim of fraud under California law.  Id., ECF No. 26 at 4.  The undersigned's findings and recommendations were adopted by the District Court judge in this case over defendant Expedia's objections.  ECF Nos. 51 and 52.  On September 26, 2017, Expedia filed the instant motion to compel arbitration. ECF No. 63.

## II. Standard to Compel Arbitration

The Federal Arbitration Act ("FAA") limits the district court's role in deciding a motion to compel arbitration "to determining (1) whether a valid agreement to arbitrate exists and, if it does (2) whether the agreement encompasses the dispute at issue." Cox v. Ocean View Hotel, Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) (internal citation and quotation omitted). The party moving to compel arbitration bears the burden of demonstrating that these two elements are satisfied. Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015). If a valid arbitration agreement exists, the district court must enforce the arbitration agreement according to its terms. Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004).

A party may, however, waive its right to arbitration. United States v. Park Place Assocs., Ltd., 563 F.3d 907, 921 (9th Cir. 2009). Waiver of the right to arbitration is disfavored, and a party asserting waiver bears a heavy burden of proof. Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986). "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Id., Martin v. Yasuda, 829 F.3d 1118, 1124 (9th Cir. 2016).

If the right to arbitration is not waved and a court finds it appropriate to compel arbitration, the court can either stay or dismiss the pending action. Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988), Horne v. Starbucks Corp., No. 216CV02727MCECKD, 2017 WL 2813170, at *3 (E.D. Cal. June 29, 2017). Where all claims are encompassed by the arbitration agreement, dismissal as opposed to a stay is proper. Horne, 2017 WL 2813170, at *3.

## III. Analysis

A. Arbitration Must be Compelled

The parties entered into a valid arbitration agreement when plaintiff purchased an airline ticket from defendant, and plaintiff's claims are encompassed by the agreement. Thus, arbitration must be compelled. To determine whether an arbitration agreement is valid, satisfying the first prong of the court's analysis, the district court looks to "general state-law principles of contract

interpretation, while giving due regard to the federal policy in favor of arbitration." Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996), Villarreal v. Perfection Pet Foods, LLC, No. 116CV01661LJOEPG, 2017 WL 1353802, at *4 (E.D. Cal. Apr. 10, 2017). Because the agreement to arbitrate is a contract, a court will not grant a motion to compel arbitration unless it finds that there is a "clear agreement" to arbitrate. Davis v. Nordstrom, Inc., 755 F.3d 1089, 1092-93 (9th Cir. 2014). "In California, a 'clear agreement' to arbitrate may be either express or implied in fact." Id.

Expedia submitted testimony and evidence that plaintiff was required to acknowledge that he "read and accepted" Expedia's Rules & Restrictions, Terms of Use, and Privacy Policy before purchasing the airline ticket at issue in this case. ECF No. 63-1 at ¶ 4, Exhibit B. The Terms of Use in effect at the time plaintiff purchased his ticket state, in relevant part:

> Any and all Claims will be resolved by binding arbitration, rather than in court, except you may assert Claims on an individual basis in small claims court if they qualify. This includes any Claims you assert against us, our subsidiaries, travel suppliers or any companies offering products or services through us (which are beneficiaries of this arbitration agreement). This also includes any Claims that arose before you accepted these Terms of Use, regardless of whether prior versions of the Terms of Use required arbitration.
>
> . . .
>
> Arbitrations will be conducted by the American Arbitration Association (AAA) under its rules, including the AAA Consumer Rules.
>
> . . .
>
> The Federal Arbitration Act and federal arbitration law apply to this agreement. An arbitration decision may be confirmed by any court with competent jurisdiction.

ECF No. 63-3 at 3. Expedia has submitted testimony that in order for plaintiff to purchase his ticket he had to agree to the language above. ECF No. 63-1 at ¶ 10. Plaintiff did not dispute this fact in his objections. ECF No. 68.

The court finds that plaintiff manifested his clear agreement to the Expedia arbitration clause when he selected the "complete booking" button on the "Review and book your trip"

4

screen during his ticket purchase process. ECF No. 63-2 at 4-5. "Contracts formed on the Internet come primarily in two flavors: 'clickwrap' (or 'click-through') agreements, in which website users are required to click on an "I agree" box after being presented with a list of terms and conditions of use; and 'browsewrap' agreements, where a website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen." Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175–76 (9th Cir. 2014). "Courts have enforced certain clickwrap and browsewrap agreements, depending on the nature of the parties, type of notice provided, and other factors." Tompkins v. 23andMe, Inc., No. 5:13-CV-05682-LHK, 2014 WL 2903752, at *6 (N.D. Cal. June 25, 2014), aff'd, 840 F.3d 1016 (9th Cir. 2016). Where notice and affirmative assent are demonstrated, such agreements are enforceable. See Nguyen, 763 at 1176 (finding no contract to arbitrate where customer was not prompted to affirmatively indicate review of, and agreement to, Terms of Use posted on website, and collecting cases reaching opposite result where website user affirmatively indicated review and agreement).

Plaintiff had adequate notice of the Terms of Service, and he affirmatively assented to the Terms by clicking the "complete booking" button. ECF No. 63 at 4-5, see Tompkins, 2014 WL 2903752, at *8; cf. Nguyen, 763 at 1176. Plaintiff received adequate consideration for his agreement to the Terms by receipt of his airline ticket; the written contract itself is presumptive evidence of consideration. Tompkins, 2014 WL 2903752, at *8. Based on the evidence presented, plaintiff entered into a "clear agreement" with defendant to arbitrate. A valid arbitration agreement between the parties exists, weighing in favor of compelling arbitration. Cox, 533 F.3d at 1119.

The second prong of the court's analysis also favors compelling arbitration: each of plaintiff's claims are encompassed by the arbitration agreement. Cox, 533 F.3d at 1119. As stated above, the arbitration agreement entered into by the parties states that "[a]ny and all Claims will be resolved by binding arbitration." ECF No. 63-3 at 3. There is no apparent exception for fraud or contract claims, and plaintiff does not argue that any exception exists. Because a valid arbitration agreement exists, and this agreement encompasses all of plaintiff's claims, the court must enforce the agreement. Cox, 533 F.3d at 1119.

B. Defendant Did Not Waive Arbitration

Based on a review of the record in this case, defendant has not waived its right to enforce its arbitration agreement. The primary factor weighing against a finding of waiver is the fact that plaintiff has not made any argument of waiver; as discussed above, waiver is disfavored and plaintiff bears a heavy burden of proof. Fisher, 791 F.2d at 694. Even if plaintiff had argued waiver, he would have to demonstrate prejudice resulting from defendant inconstantly litigating in court and later seeking to compel arbitration. Martin, 829 F.3d at 1124. Although defendant did make a motion to dismiss in this court prior to seeking enforcement of the arbitration agreement (ECF No. 36), the undersigned finds that the case is in a sufficiently early stage of litigation that plaintiff will not be prejudiced by moving the case to arbitration.[1] Defendant did not waive its right to arbitration.

C. Dismissal is Appropriate

Because each of plaintiff's claims are encompassed by the arbitration agreement between the parties, as discussed above, this case should be dismissed rather than stayed pending arbitration in the interests of judicial economy. Horne, 2017 WL 2813170, at *3.

## IV.   CONCLUSION

Based on the foregoing analysis, IT IS RECOMMENDED that:

1.    Defendant's motion to compel arbitration, ECF No. 63, be GRANTED, and

2.    That this case be DISMISSED and the case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all

---

[1] Indeed, in this pro se case a challenge to the sufficiency of the pleading, and consequent amendment of the complaint, may have been necessary in order for defendant to assess whether all intended claims against it are subject to arbitration.

6

parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: November 6, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE